*Anthony Anushiem*
*Norristown State Hospital*

*1001 Sterigere St.,*

*Norristown, PA 19401-5397.*

*March 23rd, 2020.*

## UNITED STATES DISTRICT COURT

### 601 Market Street  Room 2609, Philadelphia PA 19101

............................................................................

COMMONWEALTH OF PENNSYVANIA


v.                                                    **MOTION FOR
                                                      CHANGE OF VENUE**

                                                      **CIVIL ACTION NO.**

ANTHONY ANUSHIEM
          **Plaintiff in the
      CP-23-CR-0002832-2014; &
      CP-23-CR-0007434-2014  cases**
............................................................................


## <u>Anushiem's Motion for Change of venue:</u>


1. <u>Jurisdiction</u>: Anushiem's illegal detention and unlawful mandatory mental health treatment  without the due process of the law confers jurisdiction to this federal court, because  a prisoner in illegal detention may have a judicial inquiry in a federal court to test the jurisdiction of the state court and to examine the record for the causes of his illegal detention and indefinite institutionalization.


2. United States district Court of Philadelphia has jurisdiction under 28 U.S.C. Sections 1331 and 1334(a)(3); 2201 and 2202; and also under 2283 and 2284 empowered by Rule 65

District Court;
De 1

of the Federal Rule of civil Procedure and with supplemental jurisdiction under 28 U.S.C. Section 1367 because the events given rise to these claims occurred under its jurisdiction in Delaware county and Montgomery county in this state of Pennsylvania.

3. **Jurisdiction & Venue** is appropriate in the United states district Court because Anushiem is preparing to file a writ of habeas corpus to include a section 1983/Bivens Action for civil actions authorized by 42 U. S. C. 1883 to rederss deprivation (of freedom) , under color of state law, of rights secured by the constitution of the united states.

4. This federal court will find intentional prejudice because Anushiem is suffering intentional servitude that resulted from the concerted effort of the Delaware county court officials because the unfairness and partiality of these reported court officials (especially the judges: Karapalides, Nilon Jr., Mallon, Pegano and Coll) has been reported not only to the president judge, the court administrator but also to the Delaware county District Attorney: John Whelan. (See the Certificate of service of Anushiem's Rule 600 motions; Anushiem's 03/28/2016 Omnibus motion and Anushiem's 2832 case's PCRA petitions) but they all turned a blind eye.

5. After review of the 12/11/2019 court record this federal court will find out that the proceeding was initiated by counsel with ulterior purpose for the Norristown State Hospital # NSH's psychiatrists to testify before Judge coll to terminate Anushiem's NSH treatment not only to prevent Anushiem from having his requested counsel supervised psychiatric examination but also to prevent Anushiem from providing a vital impeachment evidence  (of his competency) to show that he was illegally admitted not only because he

Dc 2

was not evaluated by the commonwealth's psychiatrist but also because the alleged

charges the court intend to go to trial (for which Anushiem was illegally committed to

receive treatment) tolled its statute of limitation before he was illegally admitted into NSH.

6.   Court record (transcript) of 12/11/2019 will reveal that Anushiem was prevented by

Judge Coll from raising his "Change of Counsel" motion claims, allowing counsel #

Marybeth Welch to continue to prejudice Anushiem.

7.   Docket entries of 12/17/2019 will reveal Anushiem's "change of Counsel" motion claims

requesting the court to withdraw counsel # Marybeth Welch based on conflict of interest

that cuased her purposeful ineffectiveness.

8.   Though the 12/11/2019 court hearing was illegally conducted but Anushiem was able to

prove to Judge Mallon Coll that his speedy trial rights were violated by Judge mallon when

he posted the 11/24/2015 "Criminal Notice trial 12/14/2015" without conducting the law

mandated Rule 600 motion hearing and based on this Judge Coll hinted to the NSH's

psychiatrist Dr. Babatunde that he will dismiss the alleged charges with prejudice.

9.   This federal court will also find intentional prejudice because as Anushiem's change of

counsel motion claims were still pending and because Judge Coll intended to dismiss the

alleged charges through criminal conspiracy between Marybeth Welch and the district

attorney, not only was Anushiem's change of counsel motion claims removed from the

court record but the case was presented to a different judge.

De 3

10. The court proceeding of 03/13/2020 was conducted by Judge Osborne Ann, in which Anushiem challenged the proceeding because Anushiem's change of counsel motion claims are still pending. Judge Osborne wanted to conduct a change of counsel motion hearing but because she could not find Anushiem's change of counsel motion claims in the record, counsel told her that Anushiem was delusional, in violation of Anushiem's right to effective assistance of counsel she continued the court proceeding with the counsel reported to be burdened with conflict of interest.

11. Anushiem filed a Change of Venue: Because of the intentional violation of Anushiem's right to counsel Anushiem filed the attached "Change of Venue" motion claims in the open court requesting the Delaware court of common pleas to transfer his case to the United states district Court of Philadelphia.

12. Violation of Anushiem's confrontation Rights: Nsh's psychiatrists (Dr. Babafunde and Dr. Robert Thompson) testimonies were taken by the court in absentia after Anushiem has left the court without the due process of the law and without according him the confrontation rights to confront his accusers on matters of credibility.

13. After reviewing the attached "Change of Venue" motion claims filed with the court of common pleas this federal court will find out that <u>Anushiem's confrontation rights were violated during the MJ-32133-CR-000176-2014 case's preliminary hearing</u> because Judge karapalides denied Anushiem of all the benefits of the equal protection rights to defend himself. Anushiem was not only denied of the right to testify, call witnesses, and present evidence but Anushiem was also denied of the right to effective assistance of counsel because there is no cross-examination on the record the case was illegally re-assigned by

Dc4

a defective-information sustained by a set forth "ex parte affidavits" prohibited by the due process right of the constitution.

14. The court of common pleas was divested of the subject matter jurisdiction to proceed in the CP-23-CR-0002832-2014 case but Judge Nilon Jr., not only intentionally ignored the jurisdictional errors by failing to quash the defective information but also illegally waived Anushiem's right to effective assistance of counsel when he by-passed Anushiem's change of counsel motion claims prior to trial to proceed to trial and by partial jury selection and by illegal waiver of the pre-sentence investigation and report illegally admitted insufficient evidence (the set forth ex parte affidavits) failed to satisfy himself that a factual basis existed that caused him to obtain an illegal criminal conviction and judgment of sentence,

15. The MJ-32133-CR-000415-2014 case's alleged charges was the poisoned fruit of the 2832 case's illegal criminal conviction and judgment f sentence and does not accord the commonwealth of the legal status and authority to indict the alleged charges of the MJ-32133-Cr-000415-2014 # CP-23-CR-0007434-2014 case based on the alleged violation of the 2832 case's illegal criminal conviction and judgment of sentence,

16. Judge Mallon not only abused his discretion for failing to dismiss the alleged charges based on lack of jurisdiction but he also tampered with the court record with intentional falsification (installing a fictitious counsel's name with ulterior purpose to illegally re-appoint the former counsel reported to be burdened with conflict of interest) committed legal malpractice by illegal appointment of counsels that caused the egregious delay that violated Anushiem's speedy trial rights, and

DC7

17. Judge Mallon intentionally violated Anushiem's trial rights for failing to conducting the law mandated Rule 600 motion hearing (see Rule 600(e)) and by illegally posting the 11/24/2015 "Criminal Notice trial 12/14/2015" he caused the court to illegally admit Anushiem to Norristown state Hospital (when Anushiem lacked the criminal responsibility for the alleged offenses) with the ulterior purpose to cause cruel and unusual punishment.

18. Judge Pegano and Judge coll in evil collaboration not only failed to correct the apparent jurisdictional errors but illegally admitted a fabricated incompetency report (which clearly stated that Anushiem was not evaluated by the commonwealth's psychiatrist) not only to move Anushiem from the jail general population to the segregation of the maximum security but also to sustain an illegal involuntary order to indefinitely commit Anushiem into Norristown state Hospital with deliberate indifference to cause cruel and unusual punishment.

### IF Anushiem is called forward, he will provide interrogatories against these reported judges to expatiate on these claims raised herein Anushiem's change of venue motion.

De 6

## Questions of Arguable merits:

19. Whether the blatant conflict of interest the court caused Anushiem not only to suffer selective-prosecution but also caused Anushiem to suffer constructive denial of effective assistance of counsel all through his cases proceedings and

20. Whether Anushiem's illegal detention and indefinite institutionalization was a resolutely determined willful judicial misconduct orchestrated by the undue influence of the appearance of the impropriety of the Sims' family lawyer was with "deliberate indifference" and retaliatory motivation to punish Anushiem with cruel and unusual punishment requires this federal court investigation for judicial review, and judges discipline and to award Anushiem his requested state guaranteed reliefs as prescribed by the law.

21. **All Anushiem's Pending Petitions claims are Procedurally Defaulted:**

On review of Anushiem's pending 2832 case's PCRA/Habeas Corpus petitions claims this federal court will find out that Judge Nilon Jr., on showing vindictiveness against ~~for collaterally attacking his illegal conviction~~ Anushiem he intentionally misapplied the Piscanio Principles to illegally waive both Anushiem's right to effective assistance of counsel and his constitutional right to impartial judge.

22. By <u>Misapplication of the Unrelated Piscanio Principles</u> judge Nilon not only illegally waived Anushiem's right to effective assistance of counsel when he dismissed Anushiem's change of counsel claims without any motion hearing. Piscanio Principles does not apply to this case because Anushiem's case was not on appellate review or on appeal with any higher court. Due to the superiority of the higher courts the Piscanio principles forbids

Dc 7

defendants from representing those claims (in the lower courts) that are already under higher court's review. The Supreme court laid down Principles for dealing with pro-se petitions can be found in the *Commonwealth v. Gonzalez, 402 Pa. Super.60; 587 A.2d 786 (1991); Commonwealth v. Ellis, 398 Pa. Super. 538; 581 A.2d 595 (1990); and in Commonwealth v. Jettes* (on both the state and the federal court cases) states that:

> " Whenever a defendant (who is represented by counsel) sends a pro-se petition the proper procedure is to forward the petition to the counsel, that the court should take no further actions. And that if the pro-se petition raises claims of counsel ineffectiveness that the court should direct the (reported) counsel to petition the court to re-present the defendant's counsel ineffectiveness claims for the court to review, to decide whether the defendant really needed the appointment of new counsel".

(23)  Judge Nilon Jr., also Illegally Waived Anushiem's right to impartial judge by misapplication of the Piscanio unrelated principles he also dismissed Anushiem's motion for the court to recues itself with claims requesting him to remove himself from the case based on his intentionally committed prosecutorial errors during the 2832 case's pretrial and trial proceedings;

(24)  By illegal Substitution of Judges:  Judge Nilon imposed into Anushiem's 7434 pretrial case in the mental health court division (Judge Coll) to intercept and dismiss Anushiem's motion claims with the ulterior purpose not only illegally stay all criminal proceedings with the alleged incompetency to stand trial in order to procedurally default all Anushiem's pending claims by holding Anushiem indefinitely in involuntary servitude (with the illegal stay of criminal proceedings) to prevent him from receiving his requested state guaranteed reliefs;

(25)  Anushiem is suffering from constructive denial of effective assistance of counsel because the present record evidence will also show that the court has intentionally conducted two court proceedings by-passing Anushiem's "change of counsel motion claims without       conducting any

De 8

motion hearing to review Anushiem's counsel ineffective/conflict of interest claims in violation of the court's jurisdiction to intentionally prejudice Anushiem.

(26)     The certificate of service of all Anushiem's pending motions claims ( (i) Anushiem's 2832 case's PCRA/Habeas Corpus Claims; (ii) Anushiem's Pending Rule 600 motions claims and also (iii) Anushiem's Omnibus petition claims of 03/28/2016) will show criminal conspiracy that these court officials are operating in concert because Anushiem have reported these intentional prejudice to the president judge; the court administrator and the Delaware county District Attorney and they all turned a blind eye to injustice with deliberate indifference to illegally hold Anushiem indefinitely in illegal detention and illegal mental health treatment since 2014 without the due process of the law to cause cruel and unusual punishment.

(27)     Whether Anushiem's illegal detention and unlawful mandatory mental health treatment without the due process of the law confers jurisdiction to this federal court, and whether a prisoner in illegal detention may have a judicial inquiry in a federal court to test the jurisdiction of the state court and to examine the record for the causes of his illegal detention and indefinite institutionalization is not in dispute.

(28)     The attached Change of counsel motion claims with Anushiem's Change of Venue motion claims have sufficiently disturbing evidence to warrant this federal court to take appropriate action.

De 9.

(29)     WHEREFORE, Anushiem now humbly requests this federal court to issue an order

compelling the Delaware county court of common pleas  pursuant to 42 PA. C. S. A section

5329 to transfer all documents relating to service of process to the united states district

Court of Philadelphia for the United sates District court to assume quassi-original

jurisdiction not only because it is entitled to do so as a higher court with supervisory

power for its jurisdiction but also because Anushiem's last known resident address was in

north Philadelphia, but also to stop this lower court from further proceedings on these

reported cases because Anushiem is preparing to file a writ of habeas corpus to include a

section 1983/Bivens Action for civil actions authorized by 42 U. S. C. 1883 to rederss

deprivation (of freedom) , under color of state law, of rights secured by the constitution of

the united states.

Date: March 23, 2020


Respectfully Submitted,



ANTHONY ANUSHIEM


De 10.

Anthony Anushiem
Norristown State Hospital
1001 Sterigere Street
Norristown, PA 19401
March 16th, 2020

Judge Osborne
Mental Health Court
Court of Common Pleas

Your Honor,

Re: Anushiem's Change of Counsel Motion Claims:

Attached docket entries of 12/17/19 will Confirm that Anushiem's 12/13/2019 filed Change of Counsel motion claims were intentionally removed from the Court record with the ulterior purpose to prevent you from Conducting a Change of Counsel motion hearing and to illegally proceed allowing his reported Counsel burdened with conflict of interest to prejudice Anushiem because the Court not only denied Anushiem of effective assistance of Counsel rights but also illegally Conducted the court hearing in Anushiem's absence without due process denying him of his Confrontation right to confront the NSH's psychiatrist's testimonies on matters of Credibility.

1

Based on the claims raised on Anushiem's Change of Venue motion and those issues raised concerning purposeful ineffectiveness of counsel and the illegal tampering of court record to remove Anushiem's Change of Counsel motion claims, Anushiem humbly request that you grant his "Change of Venue" motion claims to transfer both cases to the

United States District Court
Philadelphia

For this Federal Court to conduct judicial inquiring into the causes of Anushiem's illegal detention and unlawful institutionalization and to grant him fair justice as required by law.

Date: 03/16/2020

Respectfully Re-submitted

_____
ANTHONY Anushiem

Anthony Anustiem
Norristown State Hospital
1001 Sterigere St.
Norristown, Pa. 19401-5397.


IN THE COURT OF COMMON PLEAS OF
DELAWARE COUNTY, MEDIA, PA. 19603

COMMONWEALTH OF PENSYLVANIA
    Appellee

V.

ANTHONY ANUSTIEM
    Appellant

      Docket Entries:
    CP-23-CR-0002832-2011
       &
    CP-23-CR-0007434-2012

Anustiem's CHANGE OF Counsel MOTION Claims:

Due to Judge. Coll's refusal to allow Anustiem to raised his Conflict of interest and purposeful ineffectweness claims in the Court hearing of 12/11/2019 to withdraw Counsel: Marybeth Welch, Anustiem is hereby writing these change of Counsel motion claims to memorialize it in the record.

(I) Illegal Representation Without the Appointment of the Court:

The record evidence will reveal that while Anustiem's Change of Counsel motion claims to withdraw former Counsel Ben Avik based on Conflict of interest and purposeful ineffectweness, was still pending and without leave granted to him by the

1.

court to withdraw, and Anushien requested his
associate Marybeth Welch to continue his ineffective
representation.

Norristown State Hospital (NSH) 06/07/2019 will
reveal that on Marybeth Welch's first visit based
on Anushien Requested Counsel Supervised Psychiatric
Examination, she was rejected by Anushien.
Anushien rejected her Counsel representation
not only been to avoid Ben Arik's Conflict of
interest and purposeful ineffectiveness but also
because Marybeth Welch was without Court
Appointment Letter/orders the Record evidence of
06/19/2019 will reveal Criminal Conspiracy because
at Ben Arik's withdrawal Marybeth Welch was
appointed as Counsel.

(2) Counsel's Indifference to Anushien's
Raised Jurisdictional Errors in the
Record.

On her Second visit to NSH, Anushien
Conferred with Counsel Marybeth Welch to
bring her up to the Status of the Case by
pointing out all the intentionally Committed errors
that violated Anushien's Constitutional rights.

(1) Violation of Anushien's Constitutional rights
during the MJ-32733-CR-0001-76-2021

2.

Case in which judge Ranfong deprived Amirhian of all the benefits of the equal protection rights to testify, call witness, present evidence and also to cross examine the prosecutor's witness

(ii) Due to the lower court's failure to establish a prima facie case the court of common pleas not only illegally proceeded in the CP-23-CR-0007832-2014 case without the subject matter jurisdiction but Judge Ashton Jr. illegally waived Amirhian's 05/26/2014 "change of counsel" motion claims without any motion hearing in the record allowing Jeffrey Baum to intentionally prejudice Amirhian during the pretrial jury selection and illegal waiver of the presentence investigation and report with ulterior purpose to obtain an illegal criminal conviction and judgment of sentence

(iii) Judge Mallon was fully aware that the CP-23-CR-0007434-2014 case's alleged criminal charges was the "poisoned fruit" of the evil tree illegally initiated based on the alleged violation of the CP-23-CR-0007832-2014 case's illegal criminal conviction and judgment of sentence, but intentionally committed legal malpractice in the record for falsification of the 02/14/2015 docket entries with a fictitious counsel's name with the

3.

allow or purporse to re-appoint former Counsel
(Alex Anovisio reputed to be involved with conflict
of interest) and without *finally* appointing a new
counsel: Brian Crowdek. These illegal appointment
of counsels Counsel egregious delay of trial that
violated Anovisio's speedy trial rights

(iii) After *proving* Brian Crowdek's Conflict
of interest the record docket entries of
10/13/2015 will reveal that Rule 600 motion
hearing was re-scheduled for 10/27/2015 based
on appointment of a new counsel

(iv) 11/24/2015 Docket entries will reveal
Judge Mallon's abuse of discretion by posting
a "Criminal Notice Trial 12/15/2015" to illegally
proceed to trial without Rule 600 motion hearing

(V) Fully aware that Anovisio's Rule 600
motion claims were still pending, Judge Pagano
illegally admitted a fabricated interpretency
report that clearly stated that Dr. Lazanoff
(the commonwealth's psychiatrist) did not
attend to Anovisio as a patient to illegally
transfer Anovisio's cases from the Criminal
Court division to the Mental Health division:

(vi) Judge Coll during the pendency of 03/28/2016
Anovisio's motion to withdraw Andrew Costelberg
not only allowed him to prejudice Anovisio

11.

in the illegally conducted intake to hearing but also denied Amshien of the constitutional right to confront and cross-examine those that accused him of being incompetent to stand trial with the ulterior purpose to involuntarily commit Amshien to the illegal mandatory mental health treatment.

Due to Marybeth Welch's indifference by refusing to motion the court to re-present Amshien's pending 2833 cases PCRA; in Amshien's Rule 600 motion claims; and also in Amshien's 03/29/2018 Omnibus motions claims, for fear of being prejudiced by Counsel's conflict of interest and intentional ineffectiveness Amshien drafted Attorney-Client Agreement requesting Marybeth Welch to sign that she will not disclose confidential communications or sign legal documents to waive Amshien's constitutional rights without his consent.

By refusing to sign the Attorney-client Agreement Counsel showed she cannot be trusted to represent Amshien without prejudice, for that reason Amshien requested for her to withdraw, for the Court to appoint another Counsel to supervise Amshien Requested Counsel-Supervise NSH psychiatric Examination. 5.

(3) Counsels Conflict of Interest for illegally Waiving Anushiem's Requested Counsel Supervised psychiatric Examination in Norristown State Hospital (NSH):

Base on the provisions of the Law: Mental Health Procedure Act. 50 P.S. 7403(e) Anushiem's Constitutional Right to Counsel Supervised psychiatric Examination was illegally waived by Counsel; Marybeth Welch after she was told on 10/27/2019 that her services as a Counsel were no longer needed. 12/11/2019 Court hearing will show an evil collaboration between the district attorney, Marybeth Welch and two of NSH's psychiatrists Dr. Tunde and Dr. Thompson, who connived to testify against Anushiem for Judge Coll to terminate Anushiem's NSH treatment with the ulterior purpose to prevent Anushiem from having a supervised psychiatric Examinati to produce a vital impeachment, Clear and Convincing evidence to show that he was illegally committed to treatment with a fabricated incompetency Report. to be able to sue the court based on deliberate indifference. 6.

Fully aware that the Common Pleas Plea is operating as a tribunal without jurisdiction a basis of Anushien's cases; for intentionally failing to notion the court to correct the apparent jurisdictional errors in the record, for intentionally circumventing Anushien's plans to be freed from illegal detention/institutionalization. Mary beth Welch has showcased conflict of interest and deliberate ineffectiveness to prejudice Anushien.

WHEREFORE, Anushien respectfully request the court to withdraw Marybeth Welch and to appoint a new Counsel.

Exhaustion of ALL REMEDIES: By Raising the Wainwright v. Sykes claims all Anushien pending notions claims are procedurally defaulted by the court through "illegal stay of criminal proceedings". Should the court point to appoint a new counsel, this change of notion claims should be considered Anushien's exhaustion of all Remedies to take his cases to the federal courts for criminal and civil Remedies.

Date: 12/13/2019

Respectfully Submitted

Anthony Anushien
Norristown State Hospital

7

Anthony-Anushiem
Norristown State Hospital
1001 Sterigere Street
Norristown, PA 19401
March 18th, 2020

Anthony Anushiem

Delaware County Prison
Inmate No. 14006881
P. O. Box 23A
Thornton, PA 19373
Appellant.

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY
## MEDIA, PA 19063

**COMMONWEALTH OF PENSYLVANIA**
**Appellee**

**Vs.**

Docket Nos. CP-23-CR-2832-2014 &
CP-23-CR-7434-2014

**ANTHONY ANUSHIEM**
**Appellant**

Filed in open
court
3/13/20

## Anushiem's Motion for Change of venue:

1.  I, Anthony Anushiem humbly requests for change of venue because it is apparently clear in the court record that Anushiem will never receive the constitutionally guaranteed "Fair justice".

2.  The Delaware County court officials especially the judges are morally corrupted, hateful racists unduly influenced by the appearance of the impropriety of the Sims' fcamily lawyer (one of the attorneys for the commonwealth in the common pleas court) that caused Anushiem to suffer selective-prosecution for intentional denial of all the benefits of the equal protection rights (violation of the confrontation rights); and

3.  Have caused these reported judges to commit intentional prosecutorial errors leading to falsifications and tampering of records with the ulterior purpose to prejudice Anushiem;

1

4.  Also have not only caused Anushiem to suffer constructive denial of effective assistance of counsels all through these cases proceedings; but also

5.  Have caused the commonwealth's intentional failure to exercise due diligence that has

6.  Caused Anushiem to suffer illegal detention from 2014 to 2017 and from 2017 to present the illegal mental health treatment without the due process of the law since the court was operating as a tribunal without jurisdiction on both of these reported case and because of the partiality and unfairness of the Delaware county court officials Anushiem is requesting for change of venue to the United states District Court of Philadelphia

> "This appellate court must exercise supervisory power over the subordinate (Delaware court of common pleas) for the purpose of seeing that it have not exceeded its jurisdiction and that the proceedings, as they appear of record have been according to law ---since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law entrusted"

Schlesinger Petition, 367 Pa. 476, 81 A.2d 316 (1951)

7.  Anushiem's Confrontation rights in the MJ-32133-CR-000176-2014 initial case was violated:

Caused by the undue influence of the appearance of impropriety of the (Sims' family lawyer) visiting female attorney for the commonwealth from the common pleas court who through criminal conspiracy and evil collaboration between the judge, district attorney and the counsel caused Anushiem to suffer selective-prosecution for intentional denial of all the benefits of the equal protection rights to defend himself. The record will show partiality because not only did Judge

2

Karapalides obtained only the plaintiff's testimony as a solemn declaration in violation of Anushiem's confrontation rights but Judge karapalides refused Anushiem of his constitutional rights to present evidence, witness, testimony and to cross-examine the prosecutor's witness on matters of credibility. Due to the blatant conflict of interest in the district court the commonwealth intentionally failed to sustain its burden to (prove the "mens rea") establish the prima facie case of guilt and this divested the court of common pleas of the subject matter jurisdiction to proceed in the CP-23-CR-0002832-2014 case. ( See details in Judge Karapalides' Interrogatories) "Testimony given at pretrial proceedings where the accused did not have the benefit of cross-examination is not admissble at trial" <u>Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.. Ed. 2 387(1970)</u>

8. <u>The Court of Common Pleas Illegally Proceeded in the CP-23-CR-0002832-2014 case as A Tribunal Without Jurisdiction:</u>

<u>Information was defective</u>: The Sixth Amendment of United states constitution guarantees "Fairness" for the subject matter jurisdiction to exist. Due to the existence of the "ex parte" affidavits in the information the trial court/Judge Nilon Jr., was fully aware that it was divested of the subject matter jurisdiction to proceed but unduly influenced by the appearance of impropriety not only did Judge Nilon Jr., intentionally ignored the jurisdictional errors in the record but he also intentionally committed prosecutorial errors. "The court must analyze whether potential substantial prejudice to defendant's right inheres in the particular confrontation and the ability of the counsel to hhelp avoid that prejudice" <u>Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.. Ed. 2 387(1970)</u>

(i) <u>Judge Nilon Jr., Illegally waiving Anushiem's effective assistance of counsel rights</u> when he by-passed Anushiem's change of counsel motion claims without any motion hearing in the record; and

3

(ii) <u>Judge Nilon Jr., also Illegally conducted a partial jury selection</u>: Allowing counsel Anushiem reported to be burdened with conflict of interest to deny Anushiem of all his choice jurors;

(iii) <u>Illegal Waiver of the Pre-Sentence Investigation and Report</u>: By this counsel's suggestion Judge Nilon Jr., illegally waived the pre-sentence investigation and report to illegally admitted the set forth "ex parte" affidavits he failed to satisfy himself that a factual basis existed for his 08/27/2014 criminal conviction and judgment of sentence;

(iv) <u>Judge Nilon Jr., Showed Vindictiveness against Anushiem for collaterally attacking his illegal criminal conviction and judgment of sentence</u>: Judge Nilon lacks professional integrity by showing vindictiveness against Anushiem during the 2832 case's post-conviction proceedings because by *For Collaterally attacking his illegal Criminal Conviction*

(a) <u>Misapplication of the Unrelated Piscanio Principles</u> judge Nilon not only illegally waived Anushiem's right to effective assistance of counsel when he dismissed  Anushiem's change of counsel claims without any motion hearing. Because Anushiem's case was not on appellate review or on appeal with any higher court, the Piscanio principles does not apply. Due to the superiority of the higher courts the Piscanio principles forbids defendants from representing those claims (in the lower courts) that are already under higher court's review. The Supreme court laid  down Principles for dealing with pro-se petitions can be found in the

<u>Commonwealth v. Gonzalez, 402 Pa. Super.60; 587 A.2d 786 (1991)</u>; <u>Commonwealth v. Ellis, 398 Pa. Super. 538; 581 A.2d 595 (1990)</u>; and in <u>Commonwealth v. Jettes</u> (on both the state and the federal court cases) states that:

> "Whenever a defendant (who is represented by counsel) sends a pro-se petition the proper procedure  is to forward the petition to the counsel, that the court should take no further actions. And that if the pro-se petition raises claims of counsel ineffectiveness that the court should direct the  (reported) counsel to petition the court to re-present the defendant's counsel ineffectiveness claims for the court to review, to decide whether the defendant really needed the appointment of new counsel".

(b) Judge nilon jr., also Illegally Waived Anushiem's right to impartial judge by misapplication of the Piscanio principles when he dismissed Anushiem's motion for the court to recues itself with claims requesting him to remove himself from the case based on his intentionally committed prosecutorial errors during the 2832 case's pretrial and trial proceedings;

(c) Illegal Substitution of Judges: Judge Nilon imposed into Anushiem's 7434 pretrial case in the mental health court division (Judge Coll) to intercept and dismiss Anushiem's motion claims with the ulterior purpose not only illegally stay all criminal proceedings with the alleged incompetency to stand trial in order to procedurally default all Anushiem's pending claims but also hold Anushiem indefinitely in involuntary servitude in order to prevent him from receiving his requested state guaranteed reliefs;

(d) Judge Nilon Jr.,m also illegally dismissed Anushiem's PCRA/Habeas Corpus petition claims not only in violation of Anushiem's effective assistance of counsel rights but also without holding any motion hearing as required by the law. See details in Judge Nilon's interrogatories.


9. <u>The Commonwealth lacked the Authority and Legal Status to Indict the Alleged Charges of the MJ-32133-CR-000415-2014 case based on the 2832 case's Illegal criminal conviction:</u>

The MJ-32133-CR-000415-2014 case's alleged charges was the "Poisoned Fruit of the Evil Tree" because the 2832 case's illegal criminal conviction and the unlawful judgment of sentence do not accord the commonwealth of the authority or legal status to indict the charges based on the alleged violation of the 2832 case's illegal criminal conviction. When the case was re-assigned to the Common pleas court # Judge Mallon ignored the invalidity of the CP-23-CR-0007434-2014 case's alleged charges to illegally proceed in violation of the court's jurisdiction.


10. Judge mallon Intentionally Committed Legal Malpractice: The court of common



pleas/Judge Mallon in the CP-23-CR-0007434-2014 case not only failed to dismiss the alleged charges with prejudice but unduly influenced by the appearance of impropriety not only committed legal malpractice by falsification of the docket entries of 04/16/2015 installed a fictitious counsel's name with ulterior purpose to re-appoint the counsel Anushiem reported to be burdened with conflict of interest to intentionally waive Anushiem's constitutional right to effective assistance of counsel which caused egregious delay till the alleged charges tolled its statute of limitation but Judge Mallon also

11.   10/13/2015 original docket entries (see the attachments) will show that due to Anushiem's challenges to the illegal counsel appointment and based on  the counsel's conflict of interest (purposeful ineffectiveness)  that Rule 600 motion hearing was re-scheduled for 10/27/2015 (based on appointment of a new counsel)and that because the delay was caused by the court Anushiem refused to sign Rule 600 waiver forms


12.   <u>Illegal Waiver Of Anushiem's Speedy Trial Rights</u>: Record evidence will reveal that Anushiem's speedy trial rights was violated by Judge Mallon when he illegally posted the 11/24/2015 "Criminal Notice Trial 12/14/2015" without conducting (the re-scheduled 10/27/2015) Rule 600 motion hearing mandated under Rule 600(E). Base on Judge Mallon's legal malpractices for falsification of record, illegal appointment of counsels and for illegally waiving Anushiem's speedy trial rights on 11/24/2015, Anushiem on 12/09/2015 motioned the court to recues itself requesting Judge Mallon to removed himself from the case. On 12/17/2015 Judge Mallon was removed from the case.


13.   <u>Judge Mallon Showed Vindictiveness Against Anushiem</u>: The attached docket entries of 2018 will reveal that after his removal from the case that Judge Mallon illegally imposed into the case now in the Mental Health Court in 2018 to tamper with the docket entries and to



install a negative information Item #7 into the 10/13/2015 docket entries with the intent to

show that he dismissed Anushiem's Rule 600 motion claims based on defendants testimony.

The question whether testimony obtained from the defendant without counsel ( after the

court has been re-scheduled for appointment of a new counsel) should be illegally admitted to

dismiss his Rule 600 motion claims is really preposterous. See details in Judge Mallon's

Interrogatories.

14.  **Illegal Cases Transfer By Judge Pegano:**  Fully aware that the court was operating as a

tribunal without jurisdiction Also unduly influenced by the appearance of impropriety of the Sims'

family lawyer and without correcting the jurisdictional errors for which judge Mallon was removed

from the case, and without conducting a Rule 600 motion hearing Judge Pegano not only

illegally transferred Anushiem's cases to the mental health court division by admitting a

fabricated incompetency report (Anushiem was not evaluated by the court's psychiatrist), when

the alleged charges the court intend to go to trial(for which Anushiem was to receive treatment)

has tolled its statute of limitation, but also illegally ordered Anushiem's jail transfer (when the

court has not yet conducted the incompetency hearing to determine whether Anushiem really

deserve mental health treatment) from the general jail population to the segregation of the

maximum security with deliberate indifference to cause Anushiem to suffer cruel and unusual

punishment. See details in Judge Pegano's Interrogatories.

15.  **Illegal Involuntary Commitment Order:** Judge Coll (Mental Health Court)  not only was fully

aware that the court was operating as a tribunal without jurisdiction (because the alleged

charges is poisoned fruit of illegal criminal conviction) but also fully aware that Anushiem's Rule

600 motion claims were still pending, unduly influenced by the appearance of impropriety like the

other judges instead of conducting Rule 600 motion hearing illegally conducted the incompetency

hearing in violation of Anushiem's speedy trial rights and also in violation of Anushiem's

confrontation rights in the mental Health Procedure Act: <u>50 P.S. 7304(C) and subsections</u>

<u>7402(b) and (d)</u>. Record will also that Judge coll illegally admitted a fabricated incompetency

Report (which clearly stated that the court psychiatrist: DR. Lazaroff did not evaluate Anushiem)

to sustain the "involuntary Order" with ulterior purpose to illegally commit Anushiem to the

mandatory mental health treatment at Norristown State Hospital (NSH) with an illegal "stay of

proceedings" to prevent Anushiem from receiving reliefs from his pending 2832 case's PCRA

motions and from having the court to conduct a Rule 600 motion hearing based on Anushiem's

pending Rule 600 motion claims to be released from illegal detention and illegal mental health

treatment. See detailsin Anushiem's Interrogatories against Judge Coll.


16.   <u>Norristown State Hospital (NSH) Lack of Legal Authority to Admit Anushiem for</u>

<u>Treatment</u>:

NSH was unduly influenced by the court of common pleas, because the blatant conflict of interest

caused NSH to intentionally abuse its professional standards and in violation of the mental health

Procedure Act: <u>50 P.S. 7402</u> illegally admitted Anushiem because the incompetency report clearly

showed that

(i) <u>The  Involuntary Order of commitment from the court was sustained by a Fabricated</u>

<u>Incompetency Report</u>: NSH 's facility director was fully aware that Anushiem was illegally

committed to NSH because not only was the alleged charges tolled its statute of limitation but also

Anushiem was not evaluated by the commonwealth's psychiatrist.

<u>50 P.S. 7402(b)</u> requires the court to be certain that involuntary treatment will provide the

defendant  with capacity to stand trial, and due to the existence of the fabricated

incompetency report  the NSH facility director was fully aware that the court did not sustain

its burden of proving that Anushiem was incompetent to stand trial with a clear and

convincing evidence because Dr. Lazaroff  in that fabricated incompetency report stated that

Anushiem told him to "tell them (the court), I will not do it (submit to psychiatric evaluation) and then exited the visitation room"

Anushiem intentionally refused to submit to psychiatric evaluation not only because the charges the trial court intend to go to trial has tolled its statute of limitation but also because he wanted counsel present during the psychiatric evaluation;

(ii) The fabricated Incompetency Report was Issued in Violation of Anushiem's Effective Assistance of Counsel Rights: because Dr. Lazaroff also stated in the incompetency report that he knew Anushiem was without counsel representation "I fired my lawyer" and was waiting for the court to appoint a new counsel. Anushiem's right to be represented during psychiatric evaluation was violated when Dr. lazaroff presented a fabricated incompetency report to the court without actually conducting the psychiatric evaluation and also without any written or signed consent from Anushiem to do so.

17.   The NSH facility director Illegally Proceeded in violation of the Mental Health Procedure Act: 50 P.S. 7402(e) pertaining to conduct of psychiatric examination requires that:

7402(e)(i)  It shall be conducted as an outpatient examination and that:

7402(e)(2) It shall be conducted by at least one psychiatrist and may relate both

(i) Competency to proceed and to (ii) Criminal Responsibility for the crime

charged.

NSH director not only knew that the incompetency report was fabricated but she also knew that Anushiem lacked criminal responsibility for the offense charged (due to the tolling of the statute of limitation on the alleged charges) for which the court intend to go to trial because Anushiem was arrested on 09/04/2014 when the alleged charges expired on 09/03/2015, Anushiem was illegally admitted into NSH on 06/14/2017 (in violation of 7304(c)(6) during the pendency of Anushiem's Rule

9

600 motion claims), two years after the tolling of the statute of limitation on the alleged charges Anushiem was illegally admitted to receive treatment.

18.  _NSH Intentionally Committed Medical Malpractice_: NSH was unduly influenced by the impropriety of the court and in violation of the Mental Health Procedure Act: 50 P. S. 7402(b) and (e) committed medical malpractice to administer illegally prescribed psychotic medication based on the court's psychiatrist's recommendation that Anushiem was suffering from paranoia without actually conducting its own psychiatric examination. Based on P.S. 7402(e)(3) Anushiem not only refused to give consent for the NSH facility to force medications on him but also requested a counsel supervised psychiatric examination for diagnosis of his mental status the purpose is not only to prove intentional prejudice from both the court and NSH that he was illegally committed to receive treatment, but also to present a vital impeachment evidence against the fabricated incompetency report.

19.  _Anushiem was denied of his request for a counsel supervised psychiatric examination_. The attached change of counsel motion claims will not only reveal Anushiem's struggles with the court and NSH for a counsel supervised psychiatric examination but will also show that when the court sent a counsel burdened with conflict of interest was sent by the court who connived with the NSH psychiatrists to illegally testify in the court for Judge Coll to terminate Anushiem's NSH treatment with the ulterior purpose to prevent him from getting his requested counsel supervised psychiatric examination in which Anushiem intended to present a vital evidence of his competency to prove intentional prejudice/cruel and unusual punishment of illegal detention and unlawful mental health

10

treatment. Also see Anushiem's Interrogatories against Norristown State Hospital.

### 20. Falsification and Tampering of the Docket entries:

After its investigations and by comparing the attached docket entries of A 06/30/2017; B 09/05/2018 with C 02/03/2020 you will find out that the court officials acted in concert to falsify not only to installed negative information into the docket entries of 10/13/2015but also to illegally tamper with the court record by deleting vital information from the original docket entries of 10/13/2015 with ulterior purpose to illegally waive Anushiem's speedy trial rights and to illegally proceed to trial in violation of the court's jurisdiction.

(a) The original docket entries of 10/13/2015 up till 2017 will not only reveal that Anushiem refused to sign the Rule 600 waiver form and did not relinquish his speedy trial rights; but will also show that

(b) Rule 600 motion hearing was re-schedule from 10/13/2015 to 10/27/2015 based on appointment of a new counsel;

(c) After investigation you will also find out that the original docket entries of 10/13/2015 A and B was tampered by the court in 2018 to install a negative information item # 7 an illegal court order from Judge Mallon "Order Denying Deft's pro se Motion to Dismiss Pursuant to Rule 600 and the Testimony of 10/13/2015"

The questions whether Anushiem's Rule 600 motion claims should be illegally dismissed after the motion hearing was re-scheduled and whether the court should admit any testimony against a defendant without counsel is really preposterous.

(d) You will also find the illegal Rule 600 Waiver Form installed to waive Anushiem's speedy trial rights which he refused to sign.

11

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET

**Docket Number: CP-23-CR-0007434-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Anthony  Anushiem

Page 10 of 15

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 10/13/2015 | | Mallon, Gregory M. |
| Criminal Notice Trial 12/14/15 @ 9:00 am; Crt Rm 1; Judge Mallon | | | |
| 2 | 10/13/2015 | | Mallon, Gregory M. |
| Criminal Notice Motion 10/27/15 @ 9:00 am; Crt Rm 1; Judge Mallon | | | |
| 3 | 10/13/2015 | | Anushiem, Anthony |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 4 | 10/13/2015 | | Mallon, Gregory M. |
| Hearing on Motion Held | | | |

Hearing on motion held
CW Geoff Paine
DF Brian Gondek
Deft puts objection to court appointed attorney on record
Arguments heard
J denies motion on court appointment
Deft puts missing discovery on record
Arguments heard
Paperwork given to deft
J denies motion on missing paperwork
Deft puts retraction statements on record
Arguments heard
J rules attorney stays on record
J holds Rule 600 hearing
J changes his ruling
J will re-appoint new counsel
CNF Rule 600 hearing 10/27/15 (deft refused to sign)
CNF Trial 12/14/15 (deft refused to sign)
Waiver of Rule 600 (deft refused to sign)
Hearing adjorned

| | | | |
|---|---|---|---|
| 1 | 10/16/2015 | | Mallon, Gregory M. |
| Psychiatric Evaluation Ordered | | | |
| Risk Assessment | | | |
| 1 | 10/23/2015 | | Gondek, Brian David |
| Motion to Withdraw as Counsel | | | |

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0007434-2014**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Anthony  Anushiem

Page 10 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

---

**1**          10/13/2015                                                          Mallon, Gregory M.

Criminal Notice Trial 12/14/15 @ 9:00 am; Crt Rm 1; Judge Mallon

---

**2**          10/13/2015                                                          Mallon, Gregory M.

Criminal Notice Motion 10/27/15 @ 9:00 am; Crt Rm 1; Judge Mallon

---

**3**          10/13/2015                                                          Anushiem, Anthony

Waiver of Rule 600 and Speedy Trial Rights Filed

---

**4**          10/13/2015                                                          Mallon, Gregory M.

Hearing on Motion Held

   Hearing on motion held
   CW Geoff Paine
   DF Brian Gondek
   Deft puts objection to court appointed attorney on record
   Arguments heard
   J denies motion on court appointment
   Deft puts missing discovery on record
   Arguments heard
   Paperwork given to deft
   J denies motion on missing paperwork
   Deft puts retraction statements on record
   Arguments heard
   J rules attorney stays on record
   J holds Rule 600 hearing
   J changes his ruling
   J will re-appoint new counsel
   CNF Rule 600 hearing 10/27/15 (deft refused to sign)
   CNF Trial 12/14/15 (deft refused to sign)
   Waiver of Rule 600 (deft refused to sign)
   Hearing adjorned



---

**7**          10/13/2015                                                          Mallon, Gregory M.

Order Denying Deft's pro se Motion to Dismiss Pursuant to Rule 600 and the Testimony of 10/13/2015



---

**1**          10/16/2015                                                          Mallon, Gregory M.

Psychiatric Evaluation Ordered

   Risk Assessment

---

CPCMS 9082                                                                    Printed: 09/05/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF DELAWARE COUNTY

## DOCKET



**Docket Number: CP-23-CR-0007434-2014**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Anthony Anushiem

Page 11 of 18

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 10/13/2015 | | Mallon, Gregory M. |
| Criminal Notice Motion 10/27/15 @ 9:00 am; Crt Rm 1; Judge Mallon | | | |
| 3 | 10/13/2015 | | Anushiem, Anthony |
| Waiver of Rule 600 and Speedy Trial Rights Filed | | | |
| 4 | 10/13/2015 | | Mallon, Gregory M. |
| Hearing on Motion Held | | | |
| 7 | 10/13/2015 | | Mallon, Gregory M. |
| Order Denying Deft's pro se Motion to Dismiss Pursuant to Rule 600 and the Testimony of 10/13/2015 | | | |
| 1 | 10/16/2015 | | Mallon, Gregory M. |
| Psychiatric Evaluation Ordered | | | |
| 1 | 10/23/2015 | | Gondek, Brian David |
| Motion to Withdraw as Counsel | | | |
| 2 | 10/23/2015 | | Mallon, Gregory M. |
| Order Granting Motion to Withdraw Counsel and Appointing a new Counsel | | | |
| Goldberg, Andrew | | | |
| 10/23/2015 | First Class | | |
| Paine, Thomas Geoffrey | | | |
| 10/23/2015 | Interoffice | | |
| 3 | 10/28/2015 | | Delaware County Court Administration |
| Criminal Notice Form Filed/Notice of Status Hearing on 11-19-15 @ 9:00 am, Crtrm #1, Judge Mallon | | | |
| 1 | 10/30/2015 | | Gondek, Brian David |
| Petition for Compensation and Reimbursement of Expenses | | | |
| 1 | 11/18/2015 | 11/17/2015 | Mallon, Gregory M. |
| Order for Payment of Court Appointed Counsel | | | |
| Gondek, Brian David | | | |
| 11/18/2015 | First Class | | |
| 1 | 11/24/2015 | | Mallon, Gregory M. |
| Criminal Notice Trial 12/15/15 @ 9:00 am; Crt Rm 1; Judge Mallon | | | |

CPCMS 9082

Printed: 02/07/2020

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

21.  The record evidence of the attached 2020 docket entries will also show intentional prejudice because not only did the court officials illegally deleted the details of the 10/13/2015 original docket entries with ulterior purpose to conceal the truth that Anushiem's Rule 600 motions claims are still pending without the law mandated Rule 600 motion hearing and that the court is without jurisdiction to proceed since 10/13/2015 in violation of Pa. R. Crim. P. 600(E), and also that the NSH illegal treatment is in violation of Anushiem's speedy trial rights. "Discretion is abused when the cause pursued represents notmerely an error of judgment but where judgment is manifestly unreasonable or where the law is not applied or where record shows that the action is a result of partiality, prejudice, bias or ill-will" United states v. Armstrong, 517 U.S. 456 (1996)

>   "A court cannot under its power of construction supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted --- to result in construction inconsistent with the manifest intent of the general assembly"

>   See the Statute Construction Act of 1992, Pa. C.S. Section 1921(b)

>   "An act of assembly which imposes penal sanctions for victims of its provisions must be strictly construed"

>   1 Pa. Stat. Ann. Tit. 1 section 1928: Com. v. Kowalek, 436 Pa. Super. 361, 647 A.2d 948 (1994)

22.  Anushiem's Pending Petition Claims are Procedurally Defaulted Intentionally by the court: Due to the intentional violation of Anushiem's speedy trial rights, the court illegally used the state administrative procedure and with the involuntary order placed an illegal stay of proceedings based on the falsely alleged "incompetent to stand trial" all Anushiem's pending petitions claims has been procedurally defaulted

(i) Anushiem's 2832 case's PCRA/Habeas Corpus Claims; (ii) Anushiem's Pending Rule 600 motions claims and also (iii) Anushiem's Omnibus petition claims of 03/28/2016. The state administrative procedure was illegally used by the court not only to prevent Anushiem from receiving his requested state guaranteed reliefs but with deliberate indifference to illegally hold Anushiem indefinitely in illegal detention and illegal mental health treatment since 2014 without the due process of the law.


23.     Anushiem's request for Jurisdiction & Venue is appropriate in the United states district Court because Anushiem is preparing to file a writ of habeas corpus to include a section 1983/Bivens Action for civil actions authorized by 42 U. S. C. 1883 to rederss deprivation (of freedom) , under color of state law, of rights secured by the constitution of the united states.

24. United States district Court of Philadelphia has jurisdiction under 28 U.S.C. Sections 1331 and 1334(a)(3); 2201 and 2202; and also under 2283 and 2284 empowered by Rule 65 of the Federal Rule of civil Procedure and with supplemental jurisdiction under 28 U.S.C. Section 1367 because the events given rise to these claims occurred under its jurisdiction in Delaware county and Montgomery county in this state of Pensylvania.

 The unfairness and partiality of these reported court officials (judges: Karapalides, Nilon Jr., Mallon, Pegano and Coll) has been reported not only to the president judge but also to the Delaware county District Attorney: John Whelan. See the Certificate of service of Anushiem's Rule 600 motions; Anushiem's 03/28/2016 Omnibus motion and Anushiem's 2832 case's PCRA petitions.

24.   WHEREFORE, based on these issues raised Anushiem now humbly requests this Delaware court of common pleas pursuant to 42 PA. C. S. A section 5329 for change of venue to permit all procedure for service and to transfer all documents relating to service

16

of process to the united states district Court of Philadelphia to assume quassi-original

jurisdiction not only because it is entitled to do so by jurisdiction but also because

Anushiem's last known resident address was in north Philadelphia.


Date:  March 13, 2020


                              Respectfully Submitted,



                              ANTHONY ANUSHIEM



CC: Copies has been sent to the

        United States District court

        601 Market Street  Room 2609,

        Philadelphia PA 19101



17

## Certificate Of service:

I, Anthony Anushiem hereby certify today (March 13, 2020) that a true and correct copy of the foregoing petition for change of venue was presented to the Delaware court of common pleas during the court proceedings to be distributed by the court clerk to the following individuals pursuant to Pennsylvania Rule of Criminal Procedure 576:

1. Judge Michael F.X Collaboration -Mental Health court

2. John Whelan – Delaware county district Attorney

3. Court Administrator -

4. President Judge -

Please consider this document filed pursuant to

Pennsylvania Rule of Criminal procedure 576(A)(4)

Respectfully Submitted,

ANTHONY ANUSHIEM

18

Anthony Anushiem.

ENVK70
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF PUBLIC WELFARE
NORRISTOWN STATE HOSPITAL
1001 STERIGERE STREET
NORRISTOWN PA 19401-5397



U.S. POSTAGE
ZIP 19401
02 4W
0000345137

U.S.M.S.
X-RAY

United States District Court
601 Market Street Room 2609
Phil, PA 19101.