```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
COMMONWEALTH OF PENNSYLVANIA    :
                                :   CRIMINAL ACTION
            v.                  :
                                :   NO. 20-151
ANTHONY ANUSHIEM                :
```

MEMORANDUM

Bartle, J.                                          June 23, 2020

      Anthony Anushiem seeks to remove to this Court his criminal state court prosecution that is currently pending in the Court of Common Pleas of Delaware County, Pennsylvania. He captions his filing as a "motion for change of venue."

I

      A review of the attachments to his motion and the publicly available state court docket reveals that the underlying case Anushiem seeks to remove is a criminal action against him by the Commonwealth of Pennsylvania. See Commonwealth v. Anushiem, C.P. Del., No. CP-23-CR-7434-2014. According to the public docket, Anushiem was charged by information of the following counts: intimidation of witnesses or victims in violation of 18 Pa. C.S.A. § 4952; stalking and harassment in violation of 18 Pa. C.S.A. § 2709.1; and criminal attempt to obstruct administration of law or other governmental function in violation of 18 Pa. C.S.A. § 901(a).

A "formal arraignment" was held on December 17, 2014 in front of Judge Gregory Mallon.  Judge Mallon later ordered both a psychiatric and a psychological evaluation of defendant.  Thereafter, several different judges were assigned to this matter.  On January 13, 2016, a "[t]hree (3) [d]ay [j]ury [t]rial" was scheduled to commence on April 5, 2016 in front of Judge George Pagano.  However, on March 30, 2016 Judge Michael Coll held a competency hearing in response to the Commonwealth's "motion to determine the defendant's competency to stand trial."  Subsequently, on March 31, 2016, Judge Coll granted the Commonwealth's petition for "involuntary commitment [of defendant] due to incompetence."  Thereafter Anushiem filed several unsuccessful motions to challenge his competency determination.  According to the docket in the Delaware County Court of Common Pleas, his criminal action is still pending.

Anushiem is currently housed at the Norristown State Hospital.  In essence, he claims that he has been "illegally" detained and sentenced to "unlawful mandatory mental health treatment without the due process of law."  He seeks "a judicial inquiry in a federal court to test the jurisdiction of the state court and to examine the record for his illegal detention and indefinite institutionalization."

II

While he cites to no relevant authority, he is apparently moving under 28 U.S.C. § 1443, which allows for removal of a state criminal prosecution in two situations:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Pursuant to 28 U.S.C. § 1445, which governs the procedure for removal of state court criminal prosecutions, the notice of removal must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier," unless the defendant can show good cause for his failure to file within that time.  See 28 U.S.C. § 1455(b)(1).

III

As noted above, Anushiem was arraigned on December 17, 2014.  He filed the instant notice of removal on April 1, 2020, more than five years after the 30-day period permitted by the statute.  Accordingly, Anushiem's request for removal is untimely and in the absence of any allegation that the

3

requirement should be excused, we will deny his request for removal.

Even if Anushiem had timely filed his notice of removal, he has not demonstrated that his case meets the substantive criteria for removal under § 1443.  See Pennsylvania v. Smith, 2020 WL 671017, at *4 (E.D. Pa. Feb. 10, 2020).  Anushiem has not established that he has been denied a specific federal right or that said right cannot be enforced in state court.  A claim by a removal petitioner that he "will be denied due process of law because . . . the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(a)."  See Freeman v. Green, 2020 WL 673297, at *3 (E.D. Pa. Feb. 11, 2020) (internal citations omitted).